EMILIO M. GARZA, Circuit Judge,
concurring in part and dissenting in part:
I write to express disagreement with the two basic premises of the majority opinion: that there was no reasonable articulable suspicion after the dispatcher completed the computer checks on Jones and Daniel, and that Daniel’s consent to the search of the trunk of the car was invalid.
The majority opinion holds that the initially proper roadside detention of Jones and Daniel should have ended when the dispatcher returned negative checks on their criminal histories and driver’s license verifications. Once these computer checks were completed, the majority reasons, the purposes of the investigatory stop were fulfilled and the officers were constitutionally required to permit Jones and Daniel to leave because the officers lacked a reasonable articulable suspicion that criminal activity was afoot. I concur insofar as this is the result required by our opinion in United States v. Dortch, 199 F.3d 193 (5th Cir.1999). In Dortch, we held that a proper investigatory stop of a rental car occupied by a driver and passenger not listed on the rental agreement became unconstitutional when the detention continued beyond the dispatcher’s return of negative background checks. See Dortch, 199 F.3d at 199. We reasoned that the officers did not maintain a reasonable articulable suspicion of participation in drug trafficking after this point, explaining that “[ejssen-tially the government asks us to find that officers have reasonable suspicion to suspect drug trafficking anytime someone is driving a rental car that was not rented in his name. We reason, to the contrary, that the law enforcement purposes to be served by the computer check were only to ensure that there were no outstanding warrants and that the vehicle had not been stolen.” Dortch, 199 F.3d at 199.
I am unpersuaded by the logic of Dortch, however, and to this extent agree with the reasoning of the Dortch dissent. The fact that the Dortch defendants, as well as the defendants in the instant ease, were driving a car they were not authorized by the rental agreement to drive is a factor that should be permitted in a calculation of reasonable articulable suspicion of criminal wrongdoing. See Dortch, 199 F.3d at 204 (“The majority cites no authority for its conclusion that circumstances such as none of a rented vehicle’s occupants being either an authorized driver of it or having any documented relation to the vehicle or the party renting it, do not give rise to reasonable suspicion of contraband trafficking.”) (Garwood, J. dissenting); United States v. $14,000 in United States Currency, 211 F.3d 1270, 2000 WL 222587, *3 (6th Cir.2000) (unpublished) (officers possessed a reasonable articulable suspicion where car occupants gave conflicting stories as to their destination, drove a rental car with high mileage and an expired rental agreement, one occupant was anxious and overly talkative, and one *245 occupant had a recent criminal conviction for drug possession).
According to the Tenth Circuit, in a case that preceded Dortch, “an officer may detain a driver until assured that the driver’s license is valid and the driver is legitimately operating the vehicle.” See United States v. Jones, 44 F.3d 860, 871 (10th Cir.1995). In Jones, the court held that the officer never received such assurances, and that the officer’s reasonable suspicion of criminal activity arose concurrent with the legitimate investigative detention. In the case of defendants Jones and Daniel, it is true that dispatch confirmed the validity of the drivers’ licenses and confirmed that neither had criminal backgrounds. But such a check cannot confirm the relationship of the drivers to the rental car. To the extent that the officers were suspicious because the car was rented, and then because the occupants were not the renters, the Dortch rule requiring suspension of the investigation when negative computer checks are returned is illogical. 1 therefore concur in the majority opinion because it is consistent with the Dortch rule;[1] I disagree, however, with that rule.
I also disagree with the majority’s discussion of Daniel’s consent to search the trunk of the ear, and accordingly dissent from that portion of the opinion. The majority holds that Daniel’s consent was invalid because the government failed to prove that the consent was an independent act of free will. Before reaching the issue of the validity of the consent, however, we must first decide the threshold question of whether Daniel, as a non-owner and non-renter of the car, had a possessory interest in the car such that his consent to search was requisite.[2] See Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 424 n. 1, 58 L.Ed.2d 387 (1978) (“[T]he proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure.”). This question was also presented in Dortch. The dissent there noted that there is some question as to what Fifth Circuit precedent is on the proposition that an unauthorized driver of a rental car lacks standing to challenge the validity of a search. See Dortch, 199 F.3d at 204-06. The possible conflict within our circuit is well-described in the Dortch dissent and need not be repeated here; it is enough that Daniel has not met his burden under Rakas of demonstrating a possessory interest in the car, such that the majority *246 opinion discussing the validity of his consent is premature. I accordingly dissent.

. I further disagree with the majority’s analysis of the remaining factors that contributed to the officers' suspicion of Jones and Daniel: (1) the defendants' inconsistent answers with respect to questions surrounding their place of employment, (2) the defendants' inconsistent answers about Daniel’s job, (3) Daniel’s acknowledgment that he had previously been arrested on a crack cocaine charge. The majority analyzes the suspiciousness of each of these factors, again in comparison to Dortch, and concludes that the detention beyond the point of the computer check was unsupported by a reasonable suspicion. It is, however, the totality of the factors that must be considered, and as stated by the Fourth Circuit, "[t]he articulated factors together must serve to eliminate a substantial portion of innocent travelers before the requirement of reasonable suspicion will be satisfied.” United States v. Brugal, 209 F.3d 353, 359 (4th Cir.2000) (en banc). The three factors relied upon by the officers here would seem fit that criterion— indeed, such was the finding of the district court. See United States v. Nichols, 142 F.3d 857, 864-65 (5th Cir.1998) (determinations of law, such as whether reasonable suspicion existed, are reviewed de novo, while findings of fact are reviewed for clear error). Given the majority’s apt description of the facts of this case in comparison to those of Dortch, I again cannot say that they are distinguishable, and to this extent agree with the majority conclusion regarding reasonable articula-ble suspicion.

. Daniel argues that the standing issue was waived by the government when it failed to object to the findings of the magistrate report. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir.1996). Daniel’s argument, however, overlooks the fact that the government prevailed before the magistrate, and thus lacked the motivation to object to any of the magistrate findings. The standing issue was raised by the government on appeal, and is thus properly before us for review.